# PLAINTIFFS' EXHIBIT 7

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30212
LANSING, MICHIGAN 48909

**DANA NESSEL**
ATTORNEY GENERAL

March 4, 2026

Fernando Pineiro
FOIA Officer
Immigration and Customs Enforcement, FOIA Office
ice-foia@ice.dhs.gov

Jimmy Wolfrey
Senior Director of FOIA Operations
U.S. Department of Homeland Security, Privacy Office
foia@hq.dhs.gov

    Re:    Expedited Freedom of Information Act Request

Dear Mr. Pineiro & Mr. Wolfrey:

On February 27, 2026, I sent a letter on behalf of the People of the State of Michigan to Immigration and Customs Enforcement ("ICE") Senior Official Performing the Duties of Director Todd Lyons.  In that letter, I outlined the utter lack of transparency surrounding ICE's purchase of a warehouse located at 7525 Cogswell Street in Romulus, Michigan (the "Warehouse," which term includes the entire property), for use as a mass immigration detention facility.  For example, I detailed various shortfalls in a floodplain notice issued in connection with planned construction at the Warehouse and noted ICE's failure to engage with state and local agencies regarding its purchase of—and plans for—the Warehouse.  Despite being made aware of these numerous deficiencies, there is no indication that ICE has engaged or intends to engage in any efforts to rectify the situation.

The People of the State of Michigan deserve better.  They deserve assurance that the federal government is operating within the bounds of applicable law and respecting the sovereignty of the state they call home.  To that end, pursuant to 5 U.S.C. § 552, I submit the following Freedom of Information Act ("FOIA") requests

Fernando Pineiro & Jimmy Wolfrey
Page 2
March 4, 2026

on behalf of the People of the State of Michigan to allow the public to evaluate ICE's[1] activities:

1.  All records relating to the real estate transaction that resulted in ICE's and/or the Department of Homeland Security's ("DHS") purchase of the Warehouse, including communications with the seller, written offers, purchase agreements, and inspection reports.

2.  All records relating to ICE's and/or DHS's efforts to locate, purchase, lease, or otherwise obtain other properties in Michigan for use as immigration detention facilities.

3.  All records that contain information describing ICE's and/or DHS's rationale for purchasing the Warehouse.

4.  All records that contain information related to the conversion of the Warehouse into an immigration detention facility, including construction or renovation plans, requests for proposals, submitted proposals, evaluation of submitted proposals, and awarded contracts.

5.  All records related to studies, reviews, or analyses contemplated or conducted pursuant to the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, the National Flood Insurance Act, 42 U.S.C. § 4001 *et seq.*, the Flood Disaster Protection Act, 42 U.S.C. § 4001 *et seq.*, and/or the Endangered Species Act, 16 U.S.C. § 1531 *et seq.*, concerning the purchase or intended use of the Warehouse.

6.  All "engineering" reviews, preliminary or final, as referenced in the *Early Notice and Public Review of a Proposed Activity in a 100- to 500-Year Floodplain - Romulus, Michigan*, related to the Warehouse.

7.  All studies, analyses, reviews, or evaluations related to the floodplain, sewage, drainage, environmental impacts, local regulations, community impacts (including impacts related to noise, lighting, and use of local municipal or county services), or traffic impacts of the Warehouse.

---

[1] Pursuant to 6 C.F.R. § 5.4(c) and (d), to the extent ICE knows or believes that another component of the Department of Homeland Security has possession of responsive documents, it must route this request to the appropriate component and/or coordinate with that component in responding.

Fernando Pineiro & Jimmy Wolfrey
Page 3
March 4, 2026

8. All records that contain information related to when the Warehouse may be operational as an immigration detention facility.

9. All records that contain information related to the characteristics of the individuals that ICE and/or DHS intends to detain in the Warehouse, including the age ranges of expected detainees.

10. All records related to ICE's and/or DHS's consideration of its "first-choice option (17991 Wahrman Road, Detroit, Michigan)," including records reflecting ICE's and/or DHS's decision to not move forward with the Wahrman location. *See Early Notice and Public Review of a Proposed Activity in a 100- to 500-Year Floodplain - Romulus, Michigan.*

11. All records that contain communications between ICE and/or DHS and local governmental officials in the City of Romulus or Wayne County related to ICE's and/or DHS's purchase, modification, and use of the Warehouse.

12. All records that contain communications between ICE and DHS, including any "components" of DHS, related to ICE's and/or DHS's purchase and use of the Warehouse.  6 C.F.R. § 5.4.

13. All records that contain communications between ICE and/or DHS and other federal agencies, including the General Services Administration, the Environmental Protection Agency, and the Office of Management and Budget, related to ICE's and/or DHS's purchase and planned use of the Warehouse.

Produce the records responsive to the above FOIA requests in electronic form, emailed to Neil Giovanatti, GiovanattiN@michigan.gov.

Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k)(1), any fees related to the processing of and response to these FOIA requests should be waived. *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be liberally construed in favor of waivers for noncommercial requesters." (quotations omitted)).  The disclosure of information sought in the above FOIA requests "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 6 C.F.R. § 5.11(k)(1).  The FOIA requests: (1) are directly and clearly connected to identifiable operations or activities of the federal government, *i.e.*, ICE and/or DHS's purchase and use of the Warehouse; (2) will

Fernando Pineiro & Jimmy Wolfrey
Page 4
March 4, 2026

produce meaningfully informative records about ICE and/or DHS's activities involving the Warehouse that are not already in the public domain; (3) will "contribute to the understanding of a reasonably broad audience of persons interested in the subject," including the general public interested in ICE and/or DHS's activities; and (4) will significantly enhance the public's understanding of ICE and/or DHS's purchase and use of the Warehouse.  6 C.F.R. § 5.11(k)(2).  Further, the information sought through the FOIA requests is not primarily in the "commercial interest" because it will further the public interest in ensuring governmental accountability rather than "a commercial, trade, or profit interest."  6 C.F.R. § 5.11(k)(1)(ii); 6 C.F.R. § 5.11(k)(3); 6 C.F.R. § 5.11(b)(1).

The above FOIA requests should be processed on an expedited basis because they "involve . . . [a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."  6 C.F.R. § 5.5(e)(1)(iv); *see also* 5 U.S.C. § 552(a)(6)(E)(i)(II) (allowing for expedited processing in "cases determined by the agency").  Numerous articles have been published questioning ICE's purchase of and plans for the Warehouse, including whether such purchase and plans are lawful.[2]  More broadly, ICE's activities—and, in particular, whether those activities are legal—have been a mainstay in the news cycle (and in the courtroom) across the country for many months.[3]  Pursuant to 6 C.F.R. § 5.5(e)(3), I certify that the foregoing statements are true and correct.

---

[2] *E.g.*, Lauren Gibbons, *Can Michigan block new ICE facilities? How officials are fighting back*, BRIDGE MICHIGAN (Feb. 27, 2026), available at https://bridgemi.com/michigan-government/can-michigan-block-new-ice-facilities-how-officials-are-fighting-back/; Melissa Nann Burke, *New details emerge for ICE detention facility planned in Romulus*, DETROIT NEWS (Feb. 27, 2026), available at https://www.detroitnews.com/story/news/local/wayne-county/2026/02/27/federal-notice-details-plans-for-ice-romulus-immigrant-detention-center-dana-nessel-michigan/88905758007/; Fuad Shalhout, *Here's what we know about ICE's planned detention facility in Romulus*, MLIVE (Feb. 22, 2026), available at https://www.mlive.com/news/detroit/2026/02/heres-what-we-know-about-ices-planned-detention-facility-in-romulus.html; Matt Jaworowski, *Report: ICE purchases warehouse in Romulus, plans to convert it into detention center*, WOOD TV+ (Feb. 18, 2026), available at https://www.woodtv.com/news/michigan/report-ice-purchases-warehouse-in-romulus-plans-to-convert-it-into-detention-center/.

[3] *E.g.*, Mike Catalini & Steve Karnowski, *ICE chief ordered to appear in court to explain why detainees have been denied due process*, PBS (Jan. 27, 2026), available at https://www.pbs.org/newshour/politics/ice-chief-ordered-to-appear-in-court-to-explain-why-detainees-have-been-denied-due-process; Chris Ponce, *Lawsuit alleges*

Fernando Pineiro & Jimmy Wolfrey
Page 5
March 4, 2026

The federal government should be committed to "radical transparency"[4] in all facets of governance—not just when politically convenient.  Under FOIA, the People of the State of Michigan are entitled to the requested records to ensure ICE's accountability and compliance with applicable law.

I look forward to your prompt response.

Sincerely,

Dana Nessel
Attorney General

---

*ICE of detaining immigrants without due process in San Diego County*, Fox 5 (Nov. 25, 2025), available at https://fox5sandiego.com/news/local-news/ice-lawsuit-due-process-san-diego/; Kyle Cheney & Myah Ward, *Trump's new detention policy targets millions of immigrants. Judges keep saying it's illegal.*, Politico (Sept. 20, 2025), available at https://www.politico.com/news/2025/09/20/ice-detention-immigration-policy-00573850.

[4] Presidential Memorandum, *Radical Transparency About Wasteful Spending* (Feb. 18, 2025), available at https://www.whitehouse.gov/presidential-actions/2025/02/radical-transparency-about-wasteful-spending/; *Radical Transparency Across DHS*, DHS, https://www.dhs.gov/radical-transparency-across-dhs (last accessed March 4, 2026).