UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN; CITY OF
ROMULUS,

       PLAINTIFFS,

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY;
MARKWAYNE MULLIN, in his official
capacity as Secretary of the Department of
Homeland Security; UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT; AND TODD M.
LYONS, in his official capacity as Senior
Official Performing the Duties of the
Director of Immigration and Customs
Enforcement,

       DEFENDANTS.

No. 2:26-cv-10968

HON. JONATHAN J.C. GREY

MAG. ELIZABETH A. STAFFORD

**PLAINTIFFS' RESPONSE AND
BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO
FILE CORRECTED BRIEF
OVER PAGE LIMITS**

_____/

For the reasons set forth in the following brief, Plaintiffs submit this response in opposition to Defendants' motion to file corrected brief over page limits (ECF No. 14).

Respectfully submitted,

| | |
|---|---|
| /s/ Neil Giovanatti | /s/ David F. Greco |
| Neil Giovanatti (P82305) | David F. Greco (P53523) |
| Benjamin Houston (P76733) | Attorney for Plaintiff City of |
| Assistant Attorneys General | Romulus |
| Attorneys for Plaintiff State of Michigan | Greco Law PLLC |
| Michigan Dep't of Attorney General | 143 Cadycentre #164 |
| 525 W. Ottawa Street | Northville, MI 48167 |
| Lansing, MI 48909 | (248) 380-1975 |
| (517) 335-7622 | David.Greco@Greco-Law.com |
| GiovanattiN@michigan.gov | |
| HoustonB1@michigan.gov | |

Dated:  April 22, 2026

2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court grant Defendants' request to correct their already-filed brief in opposition to Plaintiff's motion for preliminary injunction due to their failure to abide by the Court's Local Rules?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Local Civil Rule 5.1
- Local Civil Rule 7.1

i

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO FILE CORRECTED BRIEF OVER PAGE LIMITS**

Plaintiffs' preliminary injunction motion focuses on Defendants' failure to comply with statutory procedural requirements *before* they purchased the Romulus Warehouse.  In their response to that motion, Defendants failed to comply with this Court's procedural requirements, filing an overlong brief (compounded by an inappropriate font size) *before* seeking and obtaining leave of Court.  Now, through their motion for leave to file corrected brief over page limits (ECF No. 14), Defendants seek this Court's forgiveness for their failure to comply with these basic procedural requirements.  Just as the Court should not forgive Defendants' procedural failures regarding the Romulus Warehouse, the Court should not forgive Defendants' procedural failures here.

Local Rule 7.1(d)(3)(A) provides Defendants' brief in opposition to Plaintiffs' motion for preliminary injunction "may not exceed 25 pages."  In addition, Local Rule 5.1(a)(3), requires the text in filings be no smaller than 14-point font.  Local Rule 7.1(c) makes clear that Local Rule 5.1 applies to briefs. And this Court's Practice Guidelines reiterates that the Court "adheres" to the Local Rules' page limits and formatting requirements, and that "[d]eviations from the length . . . of briefs under these Rules must be by leave of Court and will rarely be granted."

1

At first glance, Defendants' brief appears to contain 34 countable pages. (*See* ECF No. 13, PageID.210–243).  But Defendants' brief is also in 12-point font. Their 34-page brief in 12-point font would be approximately 44 pages in 14-point font.  Thus, in addition to violating the font-size requirements of Local Rule 5.1, their brief exceeds the page limitation of Local Rule 7.1 by approximately 19 pages.

While Plaintiffs' counsel usually would not object to reasonable page limit enlargements or nonsubstantive corrections, Defendants' request is not reasonable. And Defendants' failure to seek leave of Court before filing the brief (or to engage with Plaintiffs' counsel in any respect) compounds their violation.  Accordingly, the Court should deny Defendants' motion (ECF No. 14), strike Defendants' opposition brief (ECF No. 13), and demand Defendants file a brief compliant with Local Rules 5.1 and 7.1 by 5:00 p.m. on April 23, 2026.[1]

Respectfully submitted,

| | |
|---|---|
| */s/ Neil Giovanatti* | */s/ David F. Greco* |
| Neil Giovanatti (P82305) | David F. Greco (P53523) |
| Benjamin Houston (P76733) | Attorney for Plaintiff City of |
| Assistant Attorneys General | Romulus |
| Attorneys for Plaintiff State of Michigan | Greco Law PLLC |
| Michigan Dep't of Attorney General | 143 Cadycentre #164 |
| 525 W. Ottawa Street | Northville, MI 48167 |
| Lansing, MI 48909 | (248) 380-1975 |

---

[1] If the Court grants Defendants' motion to file a corrected 40-page brief, Plaintiffs request the Court, in turn, grant Plaintiffs 15 pages for their reply.

(517) 335-7622                                    David.Greco@Greco-Law.com
GiovanattiN@michigan.gov
HoustonB1@michigan.gov

Dated:  April 22, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to all counsel of record.

/s/ Neil Giovanatti
Neil Giovanatti (P82305)
Assistant Attorney General

4