# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

STATE OF MICHIGAN, *et al.*,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al*.,

Defendants.

Case No. 2:26-cv-10968-JJCG-EAS

HON. JONATHAN J.C. GREY
MAG. ELIZABETH A. STAFFORD

# REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE CORRECTED BRIEF OVER PAGE LIMITS

For the reasons set forth in the following Reply memorandum in support of

Defendants' Motion for Leave to File, the Court should grant Defendants' motion.


BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
U.S. Department of Justice
Environment & Natural Resources Division

KRYSTAL-ROSE PEREZ
*Trial Attorney*
TX Bar #24105931
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 532-3266
krystal-rose.perez@usdoj.gov

/s/ David J. Byerley
DAVID J. BYERLEY
*Senior Litigation Counsel*
DC Bar #1618599
U.S. Dep't of Justice: Civil Division
Office of Immigration Litigation
P.O. Box 868, Benjamin Franklin Station
Washington, D.C. 20044
202-532-4523 | David.Byerley@usdoj.gov

JEFFREY ALDERETTE
*Trial Attorney*
Office of Immigration Litigation

1

## DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO FILE CORRECTED BRIEF OVER PAGE LIMITS

With respect to Defendants' Motion for Leave to File, Defendants do not downplay the import of the local rules.  In drafting the opposition, undersigned counsel erroneously operated under the assumption that this district required the same font-size as most other districts. As acknowledged, this presumption was incorrect, Defendants recognized it shortly after open of business the following day, took responsibility for it, and attempted to move quickly to address it.[1]

Plaintiffs attempt to link an admitted counsel's error to the merits of their case, but the connection drawn is exceedingly unclear.  In reality, unlike the Michigan Department of the Attorney General, federal counsel is not situated in this district and handles cases in many districts. While no excuse for the error, federal counsel must continuously shift gears between the rules of multiple districts and judges' standing orders, often within a single day, possessing no home court advantage or day-to-day familiarity in any one district. Because of this, mistakes about local rules—albeit rare—happen, and the undersigned moved quickly to rectify it.

Notably, though, Plaintiffs fail to identify any prejudice from granting the motion for leave to file. And they cannot, because if the Court were to require

---

[1]    Undersigned counsel prepared the brief in 12-point font, believing that this typical font size was also typical in this district, and discovered the error post-filing.

2

Defendants to cram the arguments into a 25-page filing (despite granting Plaintiffs' *ex parte* motion for 30 pages), it would result in no net change here. The Court must still resolve jurisdiction first regardless of the vehicle, and it is not prejudicial to require Plaintiffs to establish jurisdiction. As such, Defendants would just move jurisdictional arguments over to a separate Rule 12(b)(1) motion and file it with a shortened response, which would jam Plaintiffs up with drafting their opposition to the Rule 12(b)(1) and their reply concurrently. Defendants would thus have 50 pages between the two separate filings. How this result would be less onerous for Plaintiffs' counsel or the Court is left entirely unanswered by Plaintiffs' opposition.

Finally, as the Government's motion for leave noted, Defendants would not oppose a motion for additional time or pages for Plaintiffs' reply. Plaintiffs have made such a motion contained in note 1 to their opposition. PageID.787. But in the spirit of minding the local rules, the placement of the motion in the footnote seems inconsistent with L.R. 5.1(e), which states "Motions must not be combined with any other stand-alone document." This Court's Practice Guidelines also say, "[m]otions may not be included within or appended to a response or a reply, *and under no circumstances may a motion be included within the text or footnotes* of another motion." All the same, Defendants do not withdraw their assent on this basis.

3

DATED: April 22, 2026

Respectfully Submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
U.S. Department of Justice
Environment & Natural Resources Division

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

BENJAMIN MARK MOSS
*Acting Senior Counsel*

KRYSTAL-ROSE PEREZ
*Trial Attorney* (TX #24105931)
Natural Resources Section
150 M Street NE
Washington, DC 20002
(202) 532-3266
krystal-rose.perez@usdoj.gov

JEFFREY ALDERETTE
*Trial Attorney*

*/s/ David J. Byerley*
DAVID J. BYERLEY
D.C. #1618599
*Senior Litigation Counsel*
U.S. Dept. of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington D.C. 20044
202-532-4523
david.byerley@usdoj.gov

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

DATED: April 22, 2026

/s/ David J. Byerley
DAVID J. BYERLEY
*Counsel for Defendants*

5