IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN; CITY OF ROMULUS,

    Plaintiffs,

      v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; and TODD M. LYONS, in his official capacity as Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement,

    Defendants.

_____/

No. 2:26-cv-10968

HON. JONATHAN J.C. GREY

MAG. ELIZABETH A. STAFFORD

**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF**

**AMERICAN CIVIL LIBERTIES UNION OF MICHIGAN'S, AMERICAN CIVIL LIBERTIES UNION'S, MICHIGAN IMMIGRANT RIGHTS CENTER'S, MI PODER'S, AND DETROIT JUSTICE CENTER'S MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF**

By this motion, the American Civil Liberties Union of Michigan ("ACLU of Michigan"), the American Civil Liberties Union ("ACLU"), the Michigan Immigrant Rights Center ("MIRC"), MI Poder, and the Detroit Justice Center ("DJC") (collectively "amici") seek leave to file an amici curiae brief in support of

1

the Plaintiffs' Motion for Preliminary Injunction, ECF No. 9.  Amici write to address the harmful impact that an additional immigration detention facility would have on communities in Michigan. Amici, several of whom have extensive experience litigating the jurisdictional issues raised by the Defendants, also write to address Defendants' arguments regarding this Court's authority to grant relief in this case, and to explain that the Court has authority to issue either an injunction or relief under the Administrative Procedure Act ("APA").

In support of this motion, the proposed amici state as follows:

1. The **American Civil Liberties Union** is a nationwide, nonprofit, nonpartisan organization dedicated to the principles embodied in the United States Constitution and our nation's civil rights laws. The **American Civil Liberties Union of Michigan** is the state affiliate of the ACLU. The ACLU and ACLU of Michigan have extensive experience litigating cases related to immigration detention and federal jurisdiction, both in Michigan and across the United States, including issues under 8 U.S.C. § 1252(f). *See, e.g., Preap v. Nielson*, 586 U.S. 392 (2019) (challenge to immigration detention policy); *DHS v. Thuraissigiam*, 591 U.S. 103 (2020) (addressing numerous immigration jurisdictional issues); *RAICES v. Mullin*, --- F.4th ---, No. 25-5243, 2026 WL 1110616, *24-26 (D.C. Cir. Apr. 24, 2026) (addressing multiple 8 U.S.C. § 1252(f)(1) issues); *Hamama v. Adducci*, 912 F.3d 869 (6th Cir. 2018) (class action challenging deportation and detention of Iraqi

nationals, and addressing 8 U.S.C. § 1252(f)(1)); *Malam v. Adducci*, 452 F. Supp. 3d 643 (E.D. Mich. 2020) (class action challenging immigration detention in light of dangers posed by COVID-19 pandemic); *Lopez-Campos v. Raycraft*, No. 25-1965 (6th Cir. May 11, 2026) (rejecting ICE's attempt to invoke mandatory detention provision of the Immigration and Nationality Act to detain longtime U.S. residents); *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017) (holding policy of setting immigration bond amounts without considering detained persons' financial circumstances likely violated due process).

2.     The **Michigan Immigrant Rights Center** ("MIRC") is a nonprofit legal resource center with five offices across the state that serve Michigan's immigrant communities. MIRC focuses on representing low-income immigrants, leading systemic advocacy efforts to advance immigrant rights, providing technical assistance to attorneys serving low-income immigrants, and building capacity through community education, training, and pro bono attorney engagement. MIRC is the only Michigan-based free legal services provider accepting free calls from immigration detention centers in Michigan. Each week MIRC handles dozens of calls from detainees in Michigan seeking legal assistance, providing legal advice and, when resources allow, full representation to detainees in removal proceedings or seeking judicial review.

3.     **MI Poder** is a statewide civic engagement and advocacy organization dedicated to strengthening the leadership, civic participation, and collective power of Latino communities across Michigan. Annually, MI Poder engages thousands of people in historically underrepresented communities across Michigan through voter engagement, leadership development, and rapid response efforts related to immigration enforcement. MI Poder regularly works alongside individuals and families directly impacted by policies related to immigration detention. Through its on-the-ground work, MI Poder has direct knowledge of how immigration enforcement infrastructure—particularly detention facilities—impacts community safety, family stability, and civic participation.

4.     The **Detroit Justice Center ("DJC")** is a non-profit law firm that provides legal services, engages in policy advocacy, and supports community-led efforts addressing the harms caused by incarceration, detention, surveillance, and over-policing. DJC has a substantial interest in this litigation as the proposed warehouse conversion threatens to inflict significant and irreparable harms on immigrant communities, neighboring residents, and the broader Southeast Michigan region. DJC is committed to protecting the legal rights of those impacted by the legal system, and along with its partners, have seen first-hand the destabilizing effects detention facilities have on families, economic security, mental health, and community trust in public institutions.

5.     The proposed brief fulfills the "traditional function of an amicus curiae": "to assist in cases of general public interest by supplementing the efforts of private counsel and by drawing the court's attention to law that might otherwise escape consideration." *Shoemaker v. City of Howell*, 795 F.3d 553, 562 (6th Cir. 2015) (citation omitted).

6.     Amici write to highlight the irreparable harms that will come to immigrant communities in Michigan should Defendants be permitted to convert the Romulus Warehouse to an immigration detention center. A decision from this Court permitting Defendants to turn the Romulus Warehouse into an immigration detention center will have significant implications not only in Michigan, but also across the United States. The warehouse could more than double ICE's immigration detention capacity in Michigan, and would do so in a building not designed for human habitation. Further, as part of their "Detention Reengineering Initiative," Defendants have purchased several warehouses across the country with the goal of converting them to immigration detentions. The Court's decision here could thus affect similar litigation elsewhere.

7.     Amici also write to explain why two INA provisions, 8 U.S.C. §§ 1252(f)(1) and (a)(2)(B)(ii), do not bar this Court from granting injunctive relief or issuing relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 705 and 706(2). As explained in the attached brief, courts across the country have concluded

that § 1252(f)(1) does not apply to orders enforcing statutes that are not listed in § 1252(f)(1), even if the injunction would have downstream effects on covered provisions. Likewise, courts across the country have held that the remedies under §§ 705 and 706(2)(a) of the APA are not injunctive in nature and thus do not implicate § 1252(f)(1) at all. Finally, amici explain that § 1252(a)(2)(B)(ii) does not bar review because the legal duties Plaintiffs seek to enforce are not discretionary.

8.     As required by Local Rule 7.1(a), on May 8, 2026 before filing this motion, undersigned counsel contacted counsel for the parties to seek their concurrence prior to filing this motion and proposed brief. Plaintiffs' counsel took no position with the filing of this motion and brief, and Defendants' counsel did not respond to proposed amici's request.

For these reasons, the proposed amici seek leave to file an amicus curiae brief, and request that the Court accept the accompanying brief as filed.

Dated: May 11, 2026                    Respectfully submitted,

/s/Ewurama Appiagyei-Dankah        Kyle Virgien (CA 278747)*
Ewurama Appiagyei-Dankah (P88212)  Spencer Amdur (CA 320069)*
Miriam J. Aukerman (P63165)        American Civil Liberties Union
American Civil Liberties Union        Foundation
  Fund of Michigan                 425 California Street, 7th Floor
1514 Wealthy Street SE, Ste. 260   San Francisco, CA 94104
Grand Rapids, MI 49506             (415) 343-0770
(616) 301-0930                     kvirgien@aclu.org
eadankah@aclumich.org             samdur@aclu.org
maukerman@aclumich.org

6

Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6800
bkitaba@aclumich.org

Ruby Robinson (P75244)
Michigan Immigrant Rights Center
3030 S. 9th St. Suite 1B
Kalamazoo, MI 49009
(269) 492-7196, ext. 535
rubyr@michiganimmigrant.org

Nancy A. Parker (P84325)
Eric C. Williams (P75688)
Detroit Justice Center
4731 Grand River, Ste. 200
Detroit, MI 48208
313-736-5957
nparker@detroitjustice.org
ewilliams@detroitjustice.org

Carmen Iguina Gonzalez (CA 277369;
DC 1644730) *
Lucia Goin (DC 1739389) *
American Civil Liberties Union
  Foundation
915 15th Street, NW, 7th Floor
Washington, DC 20005
(202) 393-4930
ciguinagonzalez@aclu.org
lgoin@aclu.org

Anand Balakrishnan (CA 330418) *
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2600
abalakrishnan@aclu.org


*Attorneys for Proposed Amici Curiae*

* Attorney not admitted in this District,
co-signing pursuant to L.R.
83.20(i)(l)(D)(i).